IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No.  24-cr-380 (TJK) |
| | : | |
| v. | : | Violation: |
| | : | |
| DAMESHIA COOPER, | : | 18 U.S.C. § 1905 |
| | : | (Disclosure of |
| | : | Confidential Information) |
| Defendant. | : | |

## STATEMENT OF OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Dameshia Cooper ("COOPER"), with the concurrence of her attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the government could prove the below facts beyond a reasonable doubt:

1. At all relevant times, COOPER was a Pretrial Services Officer ("PSO"), employed at the Pretrial Services Agency ("PSA") Diagnostics Unit within the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA").

2. CSOSA, a federal agency, was created by Congress through the National Capital Revitalization and Self-Government Improvement Act of 1997.  After an initial period of trusteeship, CSOSA was certified as an independent Executive Branch agency in August 2000. CSOSA is responsible for supervising adults on probation for offenses in D.C. Superior Court. The mission of CSOSA is to increase public safety, prevent crime, reduce recidivism, and support the fair administration of justice in close collaboration with the community.

3. PSA is an independent federal entity within CSOSA.  PSA is the federal agency responsible for gathering information about newly-arrested defendants and recommending release options to D.C. Superior Court.  PSA supervises defendants released to the community through a

1

variety of programs that include drug treatment, mental health services, and referral to a range of social services.

4. As a PSO, COOPER had access to PSA's Pretrial Real-Time Information System Manager ("PRISM") database, and also to CSOSA's offender case management system (Supervision and Management Automated Record Tracking or "SMART")

5. PRISM and SMART were the primary systems utilized by PSA and CSOSA to track and maintain sensitive identifiable data on individuals the agencies supervised. The information contained in both systems was protected by Federal and District of Columbia law and was provided exclusively for the performance of official government duties.

6. Person 1 was detained at the D.C. Department of Corrections jail, located in Washington, D.C., on two criminal cases (Assault with Intent to Kill While Armed, and Conspiracy to Commit First-Degree Murder) pending in the Superior Court for the District of Columbia.

7. Person 1 was a known member of a gang in the District of Columbia.

8. Person 2 was a member of a rival gang of Person 1's.

9. COOPER and Person 1 were in a romantic relationship.

*Disclosure of Confidential Information*

10. On October 19, 2022, at approximately 6:03pm, Person 1 texted COOPER, "I need [Person 2's] addy," to which COOPER immediately responded at 6:04pm, "Ok I'll send it tomorrow."

11. On October 20, 2022, at approximately 3:00pm, COOPER sent Person 1 two texts—the first was an image of a computer monitor at COOPER's PSA workstation with a picture of an African-American male on the screen, later identified as Person 2, while the second asked "This him?".

12. On October 20, 2022, at approximately 3:02pm, Person 1 "liked" the image. COOPER immediately responded to Person 1 by sending him Person 2's listed address of home confinement with PSA located in Silver Spring, Maryland. Person 1 then "loved" that text message.

13. The photograph of Person 2 displayed on the computer screen in the photograph sent by COOPER to Person 1 was the same as that from Person 2's profile screen in the PRISM database, which was accessible to PSA employees.

14. Person 1 subsequently forwarded the information about Person 2 received from COOPER, including Person 2's name, photograph, and home address, to other members of Person 1's gang.

15. On November 2, 2022, at approximately 1:32pm, Person 1 texted COOPER, "I need to see when slim next court date [Person 2] and make some time for me to talk to you later I really miss you." Four minutes later, at approximately 1:36pm, COOPER responded, "11/17 & 11/18 9:30am."

16. A report of COOPER's search history within PRISM showed that COOPER searched PRISM for records relating to Person 2 on October 20 and November 2, 2022.

17. On September 11, 2023, COOPER agreed to a voluntary, noncustodial interview with FBI Special Agents.

18. During that interview, COOPER initially denied sending any confidential government information to Person 1 or to anyone else. However, upon further questioning, COOPER eventually admitted to Agents that she had sent the above-referenced information to Person 1, including Person 2's name, photograph, and address, and that she had obtained the information from the PRISM and SMART systems.

19. COOPER also informed the Agents that she had received training concerning permissible and impermissible uses of information from the restricted PRISM and SMART

systems, that she knew the information she shared with Person 1 was restricted, that she knew she was not permitted to share that information with unauthorized individuals, and that she knew it was wrong to share the information with Person 1.

MATTHEW M. GRAVES<br>
United States Attorney<br>
D.C. Bar No. 481052

By: *Brian P. Kelly*
BRIAN P. KELLY
Assistant United States Attorney
United States Attorney's Office
District of Columbia
D.C. Bar No. 983689
601 D Street NW
Washington, DC 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov

**Defendant's Acceptance**

     I have read this Statement of the Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of the Offense and all matters relating to it. I fully understand this Statement of the Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

8/19/2024                      /s/ Dameshia Cooper

Date                      Defendant Dameshia Cooper

**Defense Counsel's Acknowledgment**

     I am Defendant Dameshia Cooper's attorney. I have reviewed every part of this Statement of the Offense with her. I concur in my client's desire to adopt and stipulate to this Statement of Offense.

08/19/2024

Date                      Brandi Harden, Esq.