UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMESHIA COOPER<br><br>Defendant. | CRIMINAL NO. 24-cr-380 |

## UNITED STATES' SENTENCING MEMORANDUM

Defendant Dameshia Cooper, while working as a Pretrial Services Officer ("PSO"), employed at the Pretrial Services Agency ("PSA") Diagnostics Unit within the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), used her position to access private information about Person 2, including Person 2's photograph and home address, using government information databases used by PSA and CSOSA to track and maintain sensitive identifiable data on individuals the agencies supervise. The defendant then shared that protected information with her boyfriend, Person 1, who was a known member of a gang in the District of Columbia. Person 1 and Person 2 were members of rival gangs, and after receiving Person 2's information from the defendant, Person 1 shared that information with other members of Person 1's gang who then apparently performed surveillance of Person 2 at his home. As a result of the defendant's abuse of her position of trust, Person 2 was placed at risk of serious physical harm.

That said, when federal law enforcement investigators asked the defendant about her actions, she promptly took responsibility and admitted that she accessed the protected government databases and shared Person 2's private information with Person 1. The defendant then further took responsibility by entering a timely guilty plea in this case. For those reasons, the government recommends that the Court sentence the defendant to a within-guidelines sentence of three years of

1

probation, to include a requirement that the defendant complete a period of community service. Such a sentence would be sufficient but not greater than necessary to comply with the purposes of sentencing.

## I. FACTUAL BACKGROUND

As a PSO, the defendant had access to PSA's Pretrial Real-Time Information System Manager ("PRISM") database, and also to CSOSA's offender case management system (Supervision and Management Automated Record Tracking or "SMART"). PRISM and SMART were the primary systems utilized by PSA and CSOSA to track and maintain sensitive identifiable data on individuals the agencies supervised. The information contained in both systems was protected by Federal and District of Columbia law and was provided exclusively for the performance of official government duties.

Person 1 was detained at the D.C. Department of Corrections jail, located in Washington, D.C., on two criminal cases (Assault with Intent to Kill While Armed, and Conspiracy to Commit First-Degree Murder) pending in the Superior Court for the District of Columbia. Person 2 was a member of a rival gang of Person 1's. The defendant and Person 1 were in a romantic relationship.

On October 19, 2022, at approximately 6:03pm, Person 1 texted the defendant, "I need [Person 2's] addy," to which the defendant immediately responded at 6:04pm, "Ok I'll send it tomorrow." On October 20, 2022, at approximately 3:00pm, the defendant sent Person 1 two texts—the first was an image of a computer monitor at the defendant's PSA workstation with a picture of an African-American male on the screen, later identified as Person 2, while the second asked "This him?". On October 20, 2022, at approximately 3:02pm, Person 1 "liked" the image. The defendant immediately responded to Person 1 by sending him Person 2's listed address of home confinement with PSA located in Silver Spring, Maryland. Person 1 then "loved" that text

message. The photograph of Person 2 displayed on the computer screen in the photograph sent by the defendant to Person 1 was the same as that from Person 2's profile screen in the PRISM database, which was accessible to PSA employees. Person 1 subsequently forwarded the information about Person 2 received from the defendant, including Person 2's name, photograph, and home address, to other members of Person 1's gang.

On November 2, 2022, at approximately 1:32pm, Person 1 texted the defendant, "I need to see when slim next court date [Person 2] and make some time for me to talk to you later I really miss you." Four minutes later, at approximately 1:36pm, the defendant responded, "11/17 & 11/18 9:30am." A report of the defendant's search history within PRISM showed that the defendant searched PRISM for records relating to Person 2 on October 20 and November 2, 2022.

On September 11, 2023, the defendant agreed to a voluntary, noncustodial interview with FBI Special Agents. During that interview, the defendant initially denied sending any confidential government information to Person 1 or to anyone else. However, upon further questioning, the defendant eventually admitted to Agents that she had sent the above-referenced information to Person 1, including Person 2's name, photograph, and address, and that she had obtained the information from the PRISM and SMART systems. The defendant also informed the Agents that she had received training concerning permissible and impermissible uses of information from the restricted PRISM and SMART systems, that she knew the information she shared with Person 1 was restricted, that she knew she was not permitted to share that information with unauthorized individuals, and that she knew it was wrong to share the information with Person 1.

II.    PROCEDURAL BACKGROUND

To her credit, the defendant admitted responsibility before she was criminally charged and agreed to plead guilty to one count of Disclosure of Confidential Information, in violation of 18

U.S.C. § 1905.[1]  An information was filed on August 21, 2024, and the defendant promptly pleaded guilty on October 21, 2024.

As the parties noted in the plea agreement, a violation of 18 U.S.C. § 1905 carries a maximum sentence of one year of imprisonment; a fine of $100,000, pursuant to 18 U.S.C. § 3571(b)(5); a term of supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.  In addition, a conviction of a violation of 18 U.S.C. § 1905 requires removal from employment.

### III.   THE APPLICABLE SENTENCING GUIDELINES

To determine an appropriate sentence, the Court must first accurately calculate the Defendant's advisory Sentencing Guidelines Range.  *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

The parties agree on the following Guidelines calculation:

| Guideline | Description | Offense Level |
|---|---|---|
| §2H3.1(a)(2) | Base Offense Level | +6 |
| §3B1.3 | Abuse of Position of Trust | +2 |
| § 3E1.1(a) | Acceptance of Responsibility | -2 |
| § 4C1.1 | Adjustment for Certain Zero-Point Offenders | -2 |
| **Total** | | **4** |

---

[1] It is a crime for someone, "being an officer or employee of the United States or of any department or agency thereof," to "publish, divulge, disclose, or make known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties," "which information concerns or relates to the … identity … of any person …."  18 U.S.C. § 1905.

At Criminal History Category I and a total offense level of 4, the recommended guidelines imprisonment range is 0 to 6 months, with a fine range of $500 to $9,500. These are the guidelines set forth in the parties' plea agreement.

### IV. THE 18 U.S.C. § 3553(a) FACTORS

To determine an appropriate sentence, after the Court accurately calculates the defendant's advisory Guidelines range, it should consider the various factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3552(a). Considering these factors, the United States recommends a probationary sentence. The United States also submits that imposition of a period of community service is appropriate.

First, the nature and circumstances of the offense support a probationary sentence. Although the defendant violated a position of trust and potentially placed Person 2 at risk of physical harm, she took prompt steps to remedy her wrongs by acknowledging her actions and entering a guilty plea. Although such conduct must be taken seriously, the defendant has admitted her wrongdoing and accepted responsibility for her actions.

The second factor that the Court must consider in fashioning an appropriate sentence is the history and characteristics of the defendant. The portrait set forth in the Presentence Report is not one that excuses the defendant's behavior, but it does indicate that the defendant has otherwise led a productive and responsible life.

Third, the defendant's sentence must also reflect the seriousness of the offense to promote the rule of law, to provide just punishment, and to provide adequate deterrence. The defendant appears unlikely to commit future crimes. Moreover, her employment with PSA has been

terminated so she is not in a position to share confidential government information in the future. Finally, she promptly took responsibility for her actions, demonstrating a respect for the rule of law.

## V.     FORFEITURE AND RESTITUTION

The parties agree that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies under 18 U.S.C. § 3663A. Here, there was no ascertainable loss to the government or any victim that could be attributed to the defendant's actions.

## VI.    CONCLUSION

The defendant's conduct must not be taken lightly. Using a position of trust to access confidential government information databases and then sharing that information without authorization is serious—especially here, where the shared information could have put an individual at risk of great bodily harm by the people with whom the information was shared. The defendant, however, admitted her wrongdoing and took responsibility for her actions, has no prior criminal history, and appears unlikely to reoffend in the future. As such, the government recommends a probationary sentence as supported by the applicable sentencing guidelines, to include a period of community service. Such a sentence would be sufficient but not greater than necessary to achieve the purposes of sentencing.

Respectfully submitted,

Edward R. Martin, Jr.
United State Attorney

By:   /s/ *Brian P. Kelly*
      Brian P. Kelly (D.C. Bar No. 983689)
      Assistant United States Attorney
      601 D Street NW
      Washington, DC 20530